## IN THE UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| RICHARD W. LEELAND AND | ) | CASE NO. 17-20032 (RAG) |
| SHARON K. LEELAND, | ) | |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |
| | ) | |
| RICHARD W. LEELAND AND | ) | AP NO. 18-00010 |
| SHARON K. LEELAND, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

1290100.1

**STIPULATION AND CONSENT ORDER AVOIDING LIBERTY MUTUAL INSURANCE COMPANY'S PERFECTION OF SECURITY INTEREST IN THE PROPERTY OF RICHARD W. LEELAND AND SHARON K. LEELAND**

Richard W. Leeland and Sharon K. Leeland, debtors-in-possession in the above-captioned case (the "Debtors"), and Liberty Mutual Insurance Company ("Liberty Mutual"), by and through their undersigned counsel, hereby enter into this stipulation and consent order avoiding, pursuant to section 547 of title 11 of the United States Code (the "Bankruptcy Code"), the Uniform Commercial Code perfected security interest obtained by Liberty Mutual in the Debtors' property as set forth below:

**FACTS**

1. On July 24, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On or about June 27, 2016, the Debtors, among others, executed a General Agreement of Indemnity (the "Indemnity Agreement") in favor of Liberty Mutual in consideration for Liberty's issuance of certain surety bonds on behalf of entities owned and/or controlled by the Debtors (the "Bonds").

3. Liberty Mutual filed a UCC-1 Financing Statement (the "Financing Statement") with the Maryland Department of Assessments and Taxation on or about April 26, 2017, for the purpose of perfecting its security interest in the Debtors' property.

4. All of the Bonds were executed by Liberty Mutual prior to the Petition Date.

5. All of the rights of Liberty Mutual in the Debtors' property resulting from the perfection of Liberty Mutual's security interest as provided by the Indemnity Agreement arise from antecedent debts owed by the Debtors to Liberty arising prior to the Petition Date.

6. Liberty Mutual and the Debtors agree that the filing of the Financing Statement, which perfected Liberty Mutual's security interest in the Debtors' property, (i) constitutes a transfer of the Debtors' interest in property, (ii) for the benefit of Liberty Mutual, (iii) on account of an antecedent debt, (iv) made at a time when the Debtors were insolvent, (v) that was transferred within 90 days before the Petition Date, and, at least technically, (vi) could be construed as an enhancement of Liberty Mutual's rights under the Indemnity Agreement.

7. On January 15, 2018, the Debtors filed the Complaint to Avoid Preferential Transfer against Liberty (the "Complaint"), initiating this adversary proceeding. The Complaint seeks to avoid the perfection of Liberty's security interest pursuant to its filing of the Financing Statement.

8. In the interest of judicial economy and as an acknowledgment of the facts of this matter, and subject to the provisions of paragraph 9 below, the Debtors and Liberty Mutual have agreed and consented to this Stipulation and Consent Order that avoids Liberty Mutual's perfected security interest in the Debtors' property created by the filing of the Financing Statement as a preferential transfer.

9. However, as a condition precedent to Liberty Mutual's agreement and consent, both the Debtors and Liberty Mutual understand and agree that this Stipulation and Consent Order is limited to the avoidance of Liberty Mutual's perfected security interest in the Debtors' property created by the filing of the Financing Statement _only_, and does not address or affect any other rights that Liberty Mutual does have, may have, or may assert in the Debtors' property, or any of the obligations that the Debtors, or others, may have to Liberty Mutual under the Indemnity Agreement, at law, or in equity.

10. The Debtors reserve their right to object to Liberty Mutual's assertion of any rights in the Debtors' property other than Liberty Mutual's rights that are avoided pursuant to the terms of this Stipulation and Consent Order.

Based on the understanding of the Debtors and Liberty Mutual set forth above and their stipulation to the entry of this Order, now, therefore, it is hereby

ORDERED that Liberty Mutual's perfected security interest created by the filing of the Financing Statement be and hereby is avoided solely and only with regard to the Debtors and the property of the Debtors or the Debtors' estate.

IT IS SO STIPULATED:

/s/Ronald J. Drescher
Ronald J. Drescher
Katherine M. Loverde
Drescher & Associates, P.A.
4 Reservoir Circle, Suite 107
Baltimore, MD 21208
Telephone (410) 484-9000

Counsel for the Debtors

AND

/s/ George J. Bachrach
George J. Bachrach (Bar No. 01744)
Michael A. Stover (Bar No. 10497)
7 St. Paul Street, 18th Floor
Baltimore, MD 21202
Telephone: (410) 659-1300
Fax: (410) 659-1350
Email: gbachrach@wcslaw.com
Email: mstover@wcslaw.com


MANIER & HEROD, P.C.

Sam H. Poteet, Jr. (admitted *pro hac vice*)
Robert W. Miller (admitted *pro hac vice*)
1201 Demonbreun St., Ste 900
Nashville, TN  37203
Telephone: (615) 244-0030
Fax: (615)242-4203
Email: rmiller@manierherod.com

Counsel for Liberty Mutual Insurance Company

## ***End of Order***